IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANGELA REGUENO,

    Plaintiff,

v.             CIVIL ACTION NO. 2:13-cv-00815

C. O. LLOYD ERWIN, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are defendant West Virginia Regional Jail and Correctional Facility Authority's Motion to Dismiss [Docket 7] and Motion to Dismiss the Amended Complaint [Docket 10]. For the reasons below, the motion to dismiss the amended complaint [Docket 10] is **GRANTED**. The motion to dismiss the original complaint [Docket 7] is **DENIED as moot**. All claims against the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA") are hereby **DISMISSED without prejudice**.

**I.  Background**

The plaintiff initially filed this action in the Circuit Court of Kanawha County, West Virginia on December 20, 2012. The defendants Lloyd Erwin and WVRJCFA removed to this court on January 16, 2013.[1] The defendant WVRJCFA filed a motion to dismiss [Docket 4], to

---

[1]   The permission of Doe defendants is not necessary for proper removal. *See Balazik v. County of Dauphin*, 44 F.3d 209, 213, n.4 (3d Cir. 1995).

1

which plaintiff filed an amended complaint [Docket 7]. WVRJCFA then filed a motion to dismiss the amended complaint [Docket 10]. This motion has been fully briefed and is ripe for review.

The case arises from the plaintiff's allegation that she was sexually harassed, abused, exploited, and raped by defendant Erwin. The plaintiff contends this occurred when she was an inmate at Western Regional Jail, where defendant Erwin worked as a correctional officer. WVRJCFA is the state agency in charge of the Western Regional Jail. The plaintiff alleges these attacks occurred during the night shift, when Erwin was supervising the plaintiff. The plaintiff further alleges that defendant John Doe is an employee or employees of the Western Regional Jail who "conspired with, aided and abetted, acted as a lookout, served as an accessory before and after the fact and acted as a principle with regard to the actionable activities of Defendant Erwin." (Amended Compl. [Docket 7] at ¶ 6). The defendant John Doe also includes employees "who negligently hired, negligently retained, negligently failed to train, negligently failed to properly supervise Defendant Erwin and negligently failed to intervene and protect Plaintiff from the harm suffered by her at the hands of Defendant Erwin." (*Id.*). The plaintiff's amended complaint has seven counts, which include claims under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution; violations of the West Virginia Constitution; state tort claims against Erwin and Doe including sexual harassment, battery, and others; claims against WVRJCFA intentional negligent hiring, training, supervision, and retention of defendants Erwin and Doe; conspiracy; and state tort claims against WVRJCFA including outrageous conduct, negligent infliction of emotional distress, and others. The plaintiff requests money damages from the defendants.

**II.     Standard**

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677–78. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id*.

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show[n]'—'that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[ ][a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The *Iqbal* court suggested a two-pronged inquiry to determine if the complaint survives a motion to dismiss, which I will follow here. First, I will identify any pleadings that are not entitled to the assumption of truth because they are conclusory and unsupported by factual allegations. *See Iqbal*, 556 U.S. at 664. Where there are well-pleaded factual allegations, I will assume the veracity of those facts and then determine whether they plausibly give rise to a valid claim for relief. *See id*.

**III. Analysis**

First, I note that WVRJCFA is not a "person" that can be used under 42 U.S.C. § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 60 (1989). Second, although WVRJCFA did not raise an Eleventh Amendment immunity defense in its motion, "because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even *sua sponte*." *Suarez Corp. Indus. v. McGraw*, 125 F.3d 222, 227 (4th Cir. 1997); *see also Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 238 (2d Cir. 2006) (noting that lower courts may raise the issue of Eleventh Amendment immunity *sua sponte* even though they are not required to do so) (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 389 (1998); *Patsy v. Bd. of Regents*, 457 U.S. 496, 515 n.19 (1982)).

The Eleventh Amendment provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It therefore preserves sovereign immunity of the states of the Union in federal

4

court. It is well settled that "this protection extends also to 'state agents and state instrumentalities' or stated otherwise, to 'arms of the State' and State Officials." *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (quotations omitted). An individual defendant employed thereby and sued in his official capacity is also immune from suit in federal court under the Eleventh Amendment. *Id* . I have previously held that WVRJCFA "is in effect the State of West Virginia." *Edwards v. State*, No. 2:00-0775, 2002 WL 34364404, at *5 (S.D. W. Va. March 29, 2002); *see also Roach v. W. Va. Reg'l Jail & Correctional Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1998); *Roach v. Burch*, 925 F. Supp. 116 (N.D. W. Va. 1993).

Having decided WVRJCFA is an arm of the State, I must then analyze whether there are any exceptions to Eleventh Amendment immunity: 1) Congressional authorization through § 5 of the Fourteenth Amendment or 2) state consent. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 627, 670 (1999).[2] The United States Supreme Court has determined that 42 U.S.C. § 1983 was not a Congressional abrogation of Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Fourth Circuit has determined that the West Virginia statute concerning liability insurance (W. Va. Code § 29-12-5) only waives sovereign immunity from suit in *state* court. *Westinghouse Elec. Corp. v. W. Va. Dept. of Highways*, 845 F.2d 468, 470-71 (4th Cir. 1988). The Fourth Circuit found that the waiver language in W. Va. Code § 29-12-5 was not "the 'unequivocal' statement of the state's intention to subject itself to suit in *federal* court required by *Atascadero*, even assuming the legislature had the power under state law to do so." *Id*. at 471 (*citing Atascadero State Hosp. v. Scanlon*, 473 U.S. 234 (1985), *superseded by statute on other grounds as stated in Pandazides v. Va. Bd. of Educ*., 13 F.3d 823,

---

[2] There is also an exception for a suit against a state official requesting prospective relief, but because the plaintiff seeks only monetary damages, this exception is not applicable. *See Ex parte Young*, 209 U.S. 123 (1908).

(4th Cir. 1994)); *see also Lee-Thomas v. Prince George's County Public Schools*, 666 F.3d 244, 251) (4th Cir. 2012) ("There is no question that, in assessing a purported statutory waiver of Eleventh Amendment immunity, a federal court must apply the "stringent test" enunciated by the Supreme Court's 1985 *Atascadero* decision . . ."); *Noe v. West Virginia*, No. 3:10-CV-36, 2010 WL 3075196, at *4 (N.D. W. Va. Aug. 4, 2010) (finding that the waiver in W.Va. Code § 29-12-5(a) applies only to state court actions).

Therefore all of the claims against the WVRJCFA are barred. The Motion to Dismiss the Amended Complaint [Docket 10] by defendant WVRJCFA is therefore **GRANTED.** All claims against defendant WVRJCFA are **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 1, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6